United States District Court
Southern District of Texas
**ENTERED**
November 15, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ARMANDO MORALES-FLORES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:24-cv-103 |
| | § | CRIMINAL ACTION NO. 5:23-cr-907-1 |
| UNITED STATES OF AMERICA | § | |

## ORDER

Before the Court is Petitioner Armando Morales-Flores's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. No. 1; Dkt. No. 45), as well as a memorandum and declaration in support of his motion (Civ. Dkt. Nos. 2, 3; Dkt. Nos. 46, 47).[1] Upon review of the motion and supporting documents, Petitioner is plainly not entitled to relief, and his motion must be dismissed. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."). Thus, for the reasons that follow, Petitioner's motion (Civ. Dkt. No. 1; Dkt. No. 45) is hereby **DENIED WITH PREJUDICE**. Consequently, Petitioner's request for an evidentiary hearing is **DENIED**. As reasonable jurists would not find this ruling debatable, a certificate of appealability is likewise **DENIED**.

### I.   BACKGROUND

On July 14, 2023, Laredo Police Department ("LPD") responded to a road rage incident involving a firearm (Dkt. No. 1 at 2). Reportedly, Petitioner, while at an intersection, brandished a handgun towards another vehicle's occupants (Dkt. No. 1

---

[1] Unless otherwise indicated, citations refer to the criminal docket.

at 2). During his booking, LPD suspected Petitioner was an undocumented noncitizen (Dkt. No. 1 at 2); he was transferred to federal custody and indicted on August 8, 2023, for unlawful possession of a firearm by a felon and an undocumented noncitizen (Dkt. No. 14).

On October 11, 2023, Petitioner pleaded guilty before United States Judge[2] John A. Kazen to unlawful possession of a firearm by undocumented noncitizen (Min. Ent. Oct. 11, 2023; Dkt. No. 23). Pursuant to his plea agreement, Petitioner preserved his right to assert a post-conviction claim for ineffective assistance of counsel ("IAC") (Dkt. No. 23). Petitioner's plea agreement, however, waived all other appellate rights and the right to collaterally attack his conviction and sentence (Dkt. No. 23 at 1). In exchange, the Government agreed, amongst other stipulations, to move to dismiss the remaining unlawful possession by a felon count (Dkt. No. 23 at 1).

At re-arraignment, Petitioner affirmed under oath that he understood these provisions (Hr'g, Oct. 11, 2023 at 9:21:06–9:24:39). He also confirmed that his attorney, Assistant Federal Public Defender Raul Augustin Martinez, Jr. ("AFPD Martinez"), reviewed and explained his plea agreement terms (Hr'g, Oct. 11, 2023 at 9:17:12–9:17:30). Petitioner attested he was fully aware of the constitutional and legal rights he foregoes by pleading guilty (Hr'g, Oct. 11, 2023 at 9:27:19–9:28:40).

The Court sentenced Petitioner on January 23, 2024, to a 57-month imprisonment term (Min. Ent. Jan. 23, 2024; Dkt. No. 41 at 1). To close sentencing, the Court instructed Petitioner: "You have waived your right to appeal. If you disagree talk to your lawyer and file a notice within fourteen days" (Hr'g, Jan. 23, 2024 at 2:06:58–2:07:00). Petitioner filed a signed notice of non-appeal—that same day (Dkt. No. 40).

---

[2] At the time of Petitioner's re-arraignment, Judge Kazen was a Magistrate Judge; however, he has since been confirmed as a District Judge.

On July 10, 2024, Petitioner filed the instant 28 U.S.C. § 2255 motion for habeas relief (Civ. Dkt. Nos. 1, 2, 3; Dkt. Nos. 45, 46, 47). His motion is therefore timely within the one-year statute of limitations period. *See* 28 U.S.C. § 2255(f)(1) (providing the applicable one-year statute of limitations period commencing "the date on which the judgment of conviction becomes final"). In his motion, Petitioner broadly advances AFPD Martinez: (1) failed to explain or discuss alternatives to entering a guilty plea; (2) offered deficient representation that rendered his guilty plea involuntary and void; (3) failed to correct Petitioner's presentence investigation report and criminal history ("PSR"); and (4) failed to file a direct appeal (Civ. Dkt. Nos. 1, 2, 3; Dkt. Nos. 45, 46, 47).

## II.   LEGAL STANDARDS

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)). "After conducting an initial examination of the petition, the Court must dismiss if 'it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . .'" *Gomez-Guzman v. United States*, No. 5:11-cv-81, 2014 WL 12719244, at *2 (S.D. Tex. Mar. 12, 2014) (Garcia Marmolejo, J.) (first citing 28 U.S.C. § 2255; then citing Rule 4(b) of the Rules Governing Section 2255 Proceedings; and then citing *United States v. Sheid*, 248 F. App'x 543, 544 (5th Cir. 2007)).

## III.   DISCUSSION

Defendants enjoy a constitutional right to the effective assistance of counsel "at all 'critical' stages'" of criminal proceedings. *Montejo v. Louisiana*, 556 U.S. 778, 786

(2009) (citations omitted). To prove this right has been infringed, "a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defendant." *United States v. Tighe*, 91 F.4th 771, 774 (5th Cir. 2024) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). But there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Massey*, 79 F.4th 396, 400 (5th Cir. 2023) (internal quotation marks omitted) (quoting *Strickland*, 466 U.S. at 689). To overcome this presumption, a defendant's IAC claim must demonstrate a "reasonable probability" that the outcome of the challenged proceeding would have been different but for the deficient representation. *United States v. Lagos*, 25 F.4th 329, 334–35 (5th Cir. 2022) (quoting *Strickland*, 466 U.S. at 693).

After carefully considering Petitioner's IAC arguments, the Court finds that they are meritless—and belied by the underlying criminal proceedings. The Court addresses each argument, in turn, below.

### A.   Failure to Explain Guilty Plea and to Investigate

As his first grievance, Petitioner purports AFPD Martinez neglected to explain the options and alternatives at Petitioner's disposal (Civ. Dkt. No. 1 at 4; Dkt. No. 45 at 4). Petitioner posits AFPD Martinez deceived him and failed to investigate facts or counter self-serving statements the Government offered (Civ. Dkt. No. 1 at 4; Dkt. No. 45 at 4). Petitioner postulates that, if not for these perceived failures, he would not have pleaded guilty (Civ. Dkt. No. 1 at 4; Dkt. No. 45 at 4).

The Court construes these propositions as arguing that AFPD Martinez's alleged ineffectiveness affected the validity of Petitioner's guilty plea *itself*. Indeed, if the Court were to interpret Petitioner's arguments to the contrary, his guilty plea would nullify his

ineffective counsel claim. *See George v. United States*, No. l:11-CV-120, 2014 WL 1116902, at *9 (E.D. Tex. Mar. 18, 2014) ("[U]nless the alleged ineffective assistance of counsel 'directly affected' the validity of the waiver or the *plea itself*, the claims for ineffective assistance of counsel are waived." (emphasis added) (citing *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002))); *see also Strother v. United States*, No. 4:21-cv-564, 2024 WL 3927240, at *6 n.6 (E.D. Tex. Aug. 22, 2024) (citing *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000)) (noting that if a failure to investigate claim centers around investigation prior to the guilty plea, then the entry of a voluntary and knowing plea waives it).

Prospective waiver aside, Petitioner's first IAC ground cannot survive because it is conclusory and utterly contradicted by the record. It is axiomatic that "[t]he subsequent presentation of conclusory allegations unsupported by specifics [are] subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (citations omitted). Further, "[s]olemn declarations in open court carry a strong presumption of verity," and Petitioner faces a steep hurdle to refute them. *Id.*; *see also United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009).

While Petitioner was under oath, he and Judge Kazen shared the following pertinent exchanges:

| | |
|---|---|
| JUDGE KAZEN: | Have you fully discussed with your attorney the charges against you, your decision to plead guilty, and your case in general, so that you feel ready and comfortable going forward with a plea today?<br>. . .<br>Mr. Morales? |
| PETITIONER: | Yes, your Honor. |

(Hr'g, Oct. 11, 2023 at 9:02:35–9:02:53).

| | |
|---|---|
| JUDGE KAZEN: | So, uh, my next question is did your attorney review and discuss and explain your plea agreement with you, in your preferred language, whether English or Spanish? <br> . . . <br> And Mr. Morales? |
| PETITIONER: | Yes. |
| JUDGE KAZEN: | Did your attorney answer any and all questions that you had about your plea agreement? <br> . . . <br> Mr. Morales? |
| PETITIONER: | Yes. |

(Hr'g, Oct. 11, 2023 at 9:17:12–9:17:42).

| | |
|---|---|
| JUDGE KAZEN: | By pleading guilty, you will be giving up or waving some legal rights that you have, and I will explain to you what those rights are. So, you do have the right to plead not guilty, and proceed to a trial. If you decided to go to trial, you would be presumed innocent. You have the right to a jury trial, in which twelve people would decide your case. At trial, the government has the burden to prove the essential elements of the charges against you, and the government has the burden to prove your guilt beyond a reasonable doubt. You have the right to have an attorney represent you at your trial, and at all other stages of your criminal proceeding, including an appeal. And if you cannot afford to hire an attorney, the court would appoint one to represent you . . . . You would have the right to appeal, if you were convicted at trial. By pleading guilty today, you are giving up or waiving your right to trial and the other rights that are associated with trial. Do you understand the rights that you are giving up by pleading guilty? <br> . . . <br> Mr. Morales? |
| PETITIONER: | Yes, your honor. |

(Hr'g, Oct. 11, 2023 at 9:27:19–9:28:40).

Within the Fifth Circuit, it is well established that a plea colloquy does not discharge counsel's duty to advise their client on the consequences of pleading guilty. *See United States v. Kayode*, 777 F.3d 719, 728 (5th Cir. 2014) ("Warnings from a judge during a plea colloquy are not a substitute for effective assistance of counsel . . . ."). Nevertheless, Petitioner's above plea colloquy undermines "his subsequent presentation of conclusory allegations" of AFPD Martinez's alleged ineffectiveness. *Blackledge*,

6

431 U.S. at 74 (citations omitted). Critically, Petitioner verified that AFPD Martinez fully discussed his guilty plea with him, reviewed and discussed the plea agreement with him, and answered all questions Petitioner had about the plea agreement. Thus, without more, Petitioner's unsupported assertions cannot overcome the great weight afforded to his sworn testimony, and the Court finds no violation occurred. *See United States v. Cothran*, 302 F.3d 279, 284–85 (5th Cir. 2002); *see also Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) (rejecting a "bare allegation" that, but for their counsel's alleged ineffectiveness, a petitioner would not have pleaded guilty and would have insisted on ongoing to trial).

Petitioner's cursory failure to investigate claim suffers a similar fatality. To the extent this claim is not waived, Petitioner was required to "allege with specificity what the investigation would have revealed and how it would have altered the outcome." *Stiger v. United States*, No. 3:22-cv-2177-L-BLT, 2024 WL 3997482, at *3 (N.D. Tex. Aug. 29, 2024) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).

But Petitioner has made no such showing. He does not explain what investigation AFPD Martinez should have conducted to yield a different result (Civ. Dkt. No. 1 at 4; Dkt. No. 45 at 4). Nor does he identify the Government's allegedly "self-serving statements" that he says his lawyer should have objected to (Civ. Dkt. No. 1 at 4; Dkt. No. 45 at 4). Instead, he presents vague, unsubstantiated allegations—which are insufficient to demonstrate deficient representation. *Stiger*, 2024 WL 3997482, at *3 (citing *Schwander v. Blackburn*, 750 F.2d 494, 499–500 (5th Cir. 1985)). Lastly, even if Petitioner had carried this burden, "[t]here is no presumption of prejudice based on a failure to investigate." *Gonzalez v. United States*, No. 5:19-cv-145, 2020 WL 1893552, at *3 (S.D. Tex. Jan. 24, 2020) (citing *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir.

7

1990)), *report and recommendation adopted as modified on other grounds* No. 5:19-cv-145, 2020 WL 1891877 (S.D. Tex. Apr. 15, 2020) (Garcia Marmolejo, J.) Thus, Petitioner's first IAC claim fails.

    **B.    Ineffectiveness Rendering Plea Invalid**

The gist of Petitioner's next argument is that his guilty plea was unconstitutional because it was unknowing, unintelligent, and involuntary (Civ. Dkt. No. 1 at 5; Dkt. No. 45 at 5). As he did in his first IAC ground, Petitioner vaguely avers that if not for AFPD Martinez's alleged deceit and misguidance, he would have insisted on proceeding to trial or sought a more favorable plea offer. (Civ. Dkt. No. 1 at 5; Dkt. No. 45 at 5).

A guilty plea is knowing and voluntary so long as the defendant fully understands its significance and consequences. *United States v. Nevers*, 755 F. App'x 426, 426 (5th Cir. 2019) (quoting *United States v. Uiras-Marrufo*, 744 F.3d 361, 366 (5th Cir. 2014)). "With respect to potential confinement, the defendant need only know the statutory maximum prison term for the charged offenses." *Id.* (first citing *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996); then citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990); and then citing Fed. R. Crim. P. 11(b)(1)(H)). Finally, a constitutionally sound guilty plea satisfies the court that the defendant's conduct aligns with a violation of the federal statute. *United States v. Lord*, 915 F.3d 1009, 1016 (5th Cir. 2019) (quoting *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc)).

Just as with his first IAC claim, the constitutionality of Petitioner's plea hinges on his plea colloquy. Through solemn testimony, Petitioner declared he understood the constitutional rights he waived (Hr'g, Oct. 11, 2023 at 9:27:19–9:28:40) and the elements of his charged conduct (Hr'g, Oct. 11, 2023 at 9:08:42–9:09:50). Judge Kazen warned Petitioner that "the possible or maximum criminal penalties that you are facing if you

plead guilty today . . . is a term of imprisonment from zero up to fifteen years" and asked if he understood (Hr'g, Oct. 11, 2023 at 9:08:42–9:09:50). To which, Petitioner replied: "Yes, your Honor" (Hr'g, Oct. 11, 2023 at 9:08:51). Ultimately, Judge Kazen determined there was a factual basis for the guilty plea and that Petitioner's plea was "made freely and voluntarily" (Dkt. No. 26 at 2). Petitioner's bald *post hoc* allegations are thus belied by the record, and cannot bolster his IAC claim. *See Terry v. United States*, No. 3:23-cv-2411-M, 2024 WL 3803011, at *3 (N.D. Tex. Aug. 13, 2024) (detailing a record that contradicted that a movant's plea was unknowing, involuntary, and unintelligent, and rejecting an IAC claim, in part, on those grounds).

Petitioner, however, may challenge the strong presumption of verity afforded to his colloquy if he demonstrates that his counsel induced his guilty plea through unfulfilled promises. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citing *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989)). To do so, he must prove with independent indicia of reliability: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *Id.* (citing *Harmason*, 888 F.2d at 1529).

Again, Petitioner makes no such showing. He has not identified any purported promises advanced by AFPD Martinez. Moreover, Judge Kazen confirmed that AFPD Martinez made no promises to the Petitioner beyond what was specified in the plea agreement (Hr'g, Oct. 11, 2023 at 9:21:16–9:22:43). Accordingly, Petitioner's guilty plea survives constitutional muster, and his IAC claim regarding it misses the mark.

### C.  Failure to Correct PSR Inconsistencies

Next, Petitioner asserts AFPD Martinez ignored plain errors in his PSR (Civ. Dkt. No. 1 at 7; Dkt. No. 45 at 7). Specifically, Petitioner maintains the PSR notated that he

9

had three deportations when, in fact, he was only deported twice (Civ. Dkt. No. 1 at 7; Dkt. No. 45 at 7). Petitioner also vaguely argues AFPD Martinez neglected "to challenge numerous other issues and facts . . . at sentencing [that] enhanced Petitioner's sentence" (Civ. Dkt. No. 1 at 7; Dkt. No. 45 at 7).[3]

Yet again, this claim is arguably waived. *See Strother*, 2024 WL 3927240, at *6 n.6 (citing *Glinsey*, 209 F.3d at 392). A failure to investigate claim *only* survives waiver to the extent that the alleged ineffectiveness impacted the validity of the plea *itself*. *Glinsey*, 209 F.3d at 392. Since this alleged deficient investigation occurred after the plea, it could not render it invalid.

For good measure, the Court nonetheless turns to the PSR and recognizes it contains certain inconsistencies. In the criminal history section, Petitioner is noted as twice previously deported—once on January 29, 2001, and again on December 23, 2014 (Dkt. No. 33 ¶¶ 39–40, 47). Whereas the recitation of the facts denotes: "USBP agents determined that Morales-Flores . . . had been previously deported on three prior occasions" and Petitioner was formerly "deported on May 5, 2000, February 25, 2002, and December 23, 2014, due to his illegal status" (Dkt. No. 33 ¶¶ 15, 18). Importantly, though, Petitioner's deportations did not confer *any* criminal history points (Dkt. No. 33 ¶¶38–42). Instead, his criminal history score of six arose from his two prior federal drug convictions (Dkt. No. 33 ¶¶ 38–42).

That being the case, the Court disposes Petitioner's third IAC for lack of prejudice. Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which . . . will often be so, that course should be followed." *Strickland*, 466 U.S. at 697. Prejudice arises "[i]n the context of sentencing, [if] the

---

[3] Rather than repeat the analysis, the Court incorporates Section III.A here, because this claim fails on the same grounds as Petitioner's earlier failure to investigate claim, as explained therein.

10

movant . . . demonstrate[s] a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would [have] received less time in prison." *United States v. Blount*, 159 F. App'x 591, 592 (5th Cir. 2005) (first citing *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004); and then citing *Glover v. United States*, 531 U.S. 198, 203 (2001)).

Petitioner cannot meet this burden. Because Petitioner's deportations did not furnish him criminal history points (Dkt. No. 33 ¶¶ 38–42), they did not factor into the 46–57-month guideline sentence range (Dkt. No. 33 ¶ 63). Nor did his deportations influence his base offense level of 24. *See* U.S. SENT'G GUIDELINES MANUAL § 2K2.1(a)(2) (U.S. SENT'G COMM'N 2023). Further, at his sentencing, the Court did not vary upwardly based on Petitioner's deportations. Rather, the Court sentenced Petitioner to the high end of his guidelines range, citing his two felony drug convictions and the dangerous nature of the road rage incident that led to his conviction in the instant offense (Hr'g, Jan. 23, 2024 at 1:54:52–1:56:02; 1:58:32–1:58:44). Although maintaining an upward variance may have been justified, the Court ultimately chose not to apply one (Hr'g, Jan. 23, 2024 at 2:06:02–2:06:33).

Considering that the record contains no evidence his deportations affected his sentence, Petitioner has not demonstrated how correcting the PSR irregularities would have led to a shorter sentence. Thus, even assuming *arguendo* that AFPD Martinez was ineffective, Petitioner's presumptively reasonable guidelines sentence did not prejudice him. *See Curiel-Trevino v. United States*, 7:21-cv-00041, 2021 WL 11548961, at *9 (S.D. Tex. July 14, 2021) (collecting cases), *report and recommendation adopted by* No. 7:21-CV-00041, 2021 WL 11549331 (S.D. Tex. Aug. 2, 2021); *see also United States v. Legros*, No. 18-223-01, 2021 WL 5286307, at *2, *4–5 (W.D. La. Nov. 12, 2021) (disposing of an

11

ineffective assistance of counsel claim when a correction to a PSR would not affect the prisoner's sentence), *appeal denied*, No. 21-30775, 2022 WL 18213495 (5th Cir. Sept. 20, 2022). Accordingly, his claim is without merit.

### D.  Failure to File a Direct Appeal

In a conclusory allegation, Petitioner asserts AFPD Martinez rendered ineffective assistance for refusing to file a direct appeal (Civ. Dkt. No. 3 at 1; Dkt. No. 47 at 1). Erring on the side of caution, the Court ordered AFPD Martinez to respond (Civ. Dkt. No. 4; Dkt. No. 52).

In an affidavit, AFPD Martinez declares Petitioner never requested an appeal (Civ. Dkt. No. 8 at 1–2). Immediately following his sentencing, AFPD Martinez discussed Petitioner's appellate rights with him (Civ. Dkt. No. 8 at 1). AFPD Martinez reminded Petitioner that he had a plea agreement with the Government, and of the consequences that would stem from breaching it (Civ. Dkt. No. 8 at 1–2). Namely, if Petitioner appealed, then the Government could revoke its agreement to dismiss the remaining felon in possession of a firearm count (Civ. Dkt. No. 8 at 1–2). In response, Petitioner indicated he did not want to appeal (Civ. Dkt. No. 8 at 2).

Combined with the Court's knowledge of AFPD Martinez's credibility, his response and the record "conclusively negate[]" Petitioner's threadbare allegation that he requested an appeal. *See United States v. Arledge*, 597 F. App'x 757, 759 (5th Cir. 2015) (citing *United States v. Arguellas*, 78 F. App'x 984, 985–87 (5th Cir. 2003)). On the *same* day as his sentencing, Petitioner filed a signed Notice of Non-Appeal—transcribed in English and Spanish (Dkt. No. 40). Therein, Petitioner avows: "I am a defendant in this case, and I have now been sentenced. I know that I have the right to appeal to the Court of Appeals. I have discussed my case with my attorney and I have decided not to pursue

12

an appeal" (Dkt. No. 40). Lastly, the Court explicitly reminded Petitioner he waived his appellate rights and advised him to consult his lawyer regarding that waiver (Hr'g, Jan. 23, 2024 at 2:06:58–2:07:00).

Thus, Petitioner's *post hoc* claim that he requested AFPD Martinez to file an appeal is erroneous, and the Court rejects it. *See Gomez-Guzman*, 2014 WL 12719244, at *5 (crediting counsel's affidavit and petitioner's notice of non-appeal over petitioner's "conclusory allegation" that counsel was ineffective by failing to file a notice of appeal); *see also Flores-Diaz v. United States*, 516 F. Supp. 2d 818, 830 (S.D. Tex. 2007) ("Accordingly, any allegations related to appeal are foreclosed by [the Petitioner's] notice of non-appeal and concession." (citing *Cervantes*, 132 F.3d at 1106))).

## IV.    CONCLUSION

In all, Petitioner has not carried his burden to establish that AFPD Martinez rendered ineffective assistance of counsel. Rather, he offered a litany of conclusory allegations, which the record wholly refutes.

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. No. 1; Dkt. No. 45) is hereby **DENIED WITH PREJUDICE**. His request for an evidentiary hearing is also **DENIED**. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Clerk of Court is **DIRECTED** to notify Petitioner by sending him a copy of this order.

Finally, although Petitioner has not requested a certificate of appealability, the Court *sua sponte* raises the issue. *See Wallace v. Mississippi*, 43 F.4th 482, 492 (5th Cir. 2022) (quoting *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)). Petitioner plainly cannot demonstrate "that 'jurists of reason would find it debatable whether the [§ 2255] petition states a valid claim of the denial of a constitutional right.'" *Id.* (quoting

13

*Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)). Accordingly, a certificate of appealability is **DENIED**. The Clerk of Court is **DIRECTED** to **TERMINATE** this civil action. The Court will enter final judgment under separate cover.

It is so **ORDERED**.

**SIGNED** November 15, 2024.

*[signature]*
Marina Garcia Marmolejo
United States District Judge